# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### (Pittsburgh Division)

| | |
|---|---|
| DELANI J. STEWART-WILSON, a minor, by her natural mother and legal guardian, D'ERICKA STEWART, | CIVIL DIVISION |
| | Case No.: |
| Plaintiff, | **COMPLAINT** |
| v. | **Medical Professional Liability Action** |
| UNITES STATES OF AMERICA, | |
| Defendant. | Filed on behalf of Plaintiff: DELANI J. STEWART-WILSON, a minor, by her natural mother and legal guardian, D'ERICKA STEWART |
| | Counsel of Record for this Party: |
| | Victor H. Pribanic, Esquire<br>Pa. I.D. No.: 30785 |
| | Philip C. Chapman, III, Esquire<br>Pa. I.D. No.:319448 |
| | PRIBANIC & PRIBANIC, L.L.C.<br>1735 Lincoln Way<br>White Oak, PA 15131 |
| | (412) 672-5444 |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELANI J. STEWART-WILSON, a minor, by her natural mother and legal guardian, D'ERICKA STEWART, | CIVIL DIVISION |
| Plaintiff, | Case No.: |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## COMPLAINT

AND NOW, comes Plaintiff, Delani J. Stewart-Wilson, a minor, by her natural mother and legal guardian, D'Ericka Stewart, by and through her counsel Victor H. Pribanic, Philip C. Chapman, and the law firm of Pribanic & Pribanic, L.L.C. and files the following Complaint against the Defendant, United States of America and in support thereof avers as follows:

### INTRODUCTION

1.  This is an action against the United States of America under the Federal Torts Claims Act, (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for negligence and professional malpractice in connection with medical care provided to D'Ericka Stewart during the birth of her natural daughter, Delani J. Stewart-Wilson by John Gallagher, M.D., an agent of defendant, United States of America on November 9, 2009.

2.    The claims herein are brought against the Defendant pursuant to the Federal Torts Claims Act (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries, mental pain and anguish, future economic harm caused by Defendant's professional negligence.

3.    Suit was initiated against John Gallagher, M.D. in Mercer County, Pennsylvania via Writ of Summons on September 29, 2016, with Plaintiff's Complaint having been filed soon thereafter on January 9, 2017.

4.    On January 24, 2017, Michael C. Colville, Assistant U.S. Attorney, filed a Notice of Removal in both the Court of Common Pleas of Mercer County, Pennsylvania and in the U.S. District Court for the Western District of Pennsylvania, pleading that John Gallagher, M.D. at all times was working within the scope of his employment with the United States of America.

5.    A Certification of Scope of Employment in regards to John Gallagher, M.D. was attached as an exhibit to defendant's Notice of Removal. A true and correct copy of this Certification of Scope of Employment has been attached hereto as Exhibit 1.

6.    The United States of America then filed a Motion to Dismiss Plaintiff's federal court case, which went unopposed, prior to the case being dismissed without prejudice and remanded to the Court of Common Pleas of Mercer County, Pennsylvania.

7.    Subsequently, Plaintiff has complied with the provisions of 28 U.S.C. § 2675 of the Federal Torts Claims Act, sending a Standard Form 95 claim form to the U.S.

Department of Health and Human Services on February 14, 2017. A true and correct copy of Standard Form 95 has been attached hereto as Exhibit 2.

8. Well over 6 months have passed since Plaintiff filed her administrative claim, Plaintiff now files the following Complaint.

9. The within Complaint arises from the negligent medical treatment provided by John Gallagher, M.D. to D'Ericka Stewart before and during the birth of her minor daughter, Delani J. Stewart-Wilson, who suffered a brachial plexus injury during birth causing permanent and irreparable harm to her right shoulder and arm.

## PARTIES, JURISDICTION and VENUE

10. Plaintiff, D'Ericka Stewart is an adult individual resident of Mercer County, Pennsylvania and brings this suit on behalf of her minor daughter, Delani J. Stewart-Wilson (Date of Birth: 11/9/09).

11. Defendant, United States of America, through its agency, the Department of Health and Human Services, employed John Gallagher, M.D. for the duration of the care he rendered to D'Ericka Stewart and Delani J. Stewart-Wilson, including specifically during Delani J. Stewart-Wilson's natural delivery on November 9, 2009, at Sharon Regional Hospital, located at 740 East State Street, Sharon, Mercer County, Pennsylvania 16146.

12. At all times relevant to this Complaint, John Gallagher, M.D. held himself out to the Plaintiff, as a provider of high quality health care services with the expertise necessary to maintain the health and safety of infants during natural deliveries.

13. At all times relevant to this Complaint, John Gallagher, M.D. was employed by and/or acting on behalf of the Defendant. The Defendant is responsible for the negligent acts of its employees and agents under respondeat superior.

14. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

15. Venue is proper under 28 U.S.C. § 1402 (b) in that all, or a substantial part of the act and omissions forming the basis of these claims occurred in the Western District of Pennsylvania.

## FACTUAL ALLEGATIONS

16. Throughout D'Ericka Stewart's pregnancy with her second child, Delani J. Stewart-Wilson, she "had good compliance" with her antepartum doctor visits and no identified complications.

17. Following a complication free pregnancy, on November 8, 2009 at or around 12:18 p.m., D'Ericka Stewart presented to Sharon Regional Hospital under the service of John Gallagher, M.D., for the delivery of her second child, Delani J. Stewart-Wilson.

18. At the time Ms. Stewart presented to Sharon Regional Hospital on 11/8/09, at a gestational age of 40 weeks, her most recent obstetric appointment with Dr. Gallagher had occurred on 11/3/09 – only 5 days earlier.

19. Upon arriving to the hospital, Ms. Stewart was admitted under Dr. Gallagher's care with contractions every 2 – 4 minutes and placed on a fetal monitor.

20. At the time of her admission, Ms. Stewart had cervical dilation of 2 cm and cervical effacement of 70%.

21. At or around 1:10 p.m., Lisa Harper, RNC called Dr. Gallagher with a status report and informed him of dilation, contractions, and the fetal heart rate tracing – Dr. Gallagher responded by ordering Ms. Stewart to ambulate for 1 hour before a reevaluation was performed.

22. Approximately 1 hour later, Ms. Stewart's status remained unchanged, with her contractions still occurring 2-4 minutes apart.

23. Dr. Gallagher ordered Ms. Stewart to return home and continue ambulating, then "to return to labor room when contractions increase in strength or if her membrances rupture."

24. After complying with Dr. Gallagher's order, Ms. Stewart again presented to Sharon Regional Hospital at 8:00 p.m. reporting the spontaneous rupturing of membranes and the leaking of copious amounts of dark green amniotic fluid.

25. At 8:40 p.m., Ms. Stewart was placed back on a fetal monitor – it was reported at this time that she had cervical dilation of 2-3 cm and cervical effacement of 90%.

26. At 9:15 p.m., Ms. Stewart's decelerations were first noted in the fetal monitoring record.

27. At or around 9:30 p.m., Dr. Gallagher completed Ms. Stewart's Obstetrics Admitting Record in which he identified two concerns regarding the ongoing labor: 1) Meconium, and 2) Prolonged latent phase of labor.

28. At 9:41 p.m., Dr. Gallagher dictated Ms. Stewart's Admission Note. Within this note Dr. Gallagher acknowledges ordering 15 mg of morphine IM as a result of tension caused by the prolonged latent phase – he states that additional interventions, such as epidural, will be used as needed and that he anticipates that Ms. Stewart will proceed with a vaginal delivery.

29. Within the same Admission Note, Dr. Gallagher estimated the fetal weight to be 7 pounds 5 ounces.

30. After 15 mg of morphine IM was administered at 9:56 p.m., Ms. Stewart began sleeping through her contractions – about 40 minutes later, after Ms. Stewart had awoken, Dr. Gallagher ordered an additional 10 mg of morphine IM.

31. A Pitocin drip was initiated at 11:15 p.m. (1 munit/min, 1mL/h).

32. At 11:44 p.m., Ms. Stewart's Pitocin drip was increased (2 munit/min, 2 mL/h).

33. On November 9, 2009, at 12:11 a.m., Ms. Stewart's Pitocin drip was again increased (4 munit/min, 4 mL/h).

34. At 12:28 a.m. Ms. Stewart was fully dilated and the Pitocin drip was discontinued.

35. Dr. Gallagher entered the delivery room at 12:32 a.m., just as the baby was crowning to perform the delivery.

36. As Dr. Gallagher performed the delivery a shoulder dystocia occurred.

37. In attempting to free the infant's anterior shoulder, Dr. Gallagher manipulated the infant's head laterally while its shoulder continued to be obstructed by Ms. Stewart's pubic symphysis.

38. Dr. Gallagher manipulated the infant's head with lateral traction of sufficient force to cause nerve rupture/avulsion resulting in a severe and permanent brachial plexus injury.

39. Within minutes, Dr. Gallagher delivered Delani J. Stewart-Wilson.

40. Delani's birth weight was determined to be 9 pounds – 1 pound 9 ounces larger than had been estimated by Dr. Gallagher 3 hours prior to her birth.

41. Dr. Gallagher noted that "[t]raction was used as gentle as possible" allowing for the delivery of the anterior shoulder "and the baby followed without any problem."

42. Delani J. Stewart Wilson's right arm was noted to be limp within minutes of her delivery, and within hours of her delivery nurses' notes indicated "no movement of infant right arm" and "poor grasp of right hand."

43. As a result of the manner of delivery, Delani J. Stewart-Wilson sustained a severe and permanent brachial plexus injury.

44. These injuries have required Delani J. Stewart-Wilson to undergo multiple surgeries and participate in countless hours of both physical and occupational therapy.

45. Now 7 years old, Delani J. Stewart-Wilson's right arm is several inches shorter than her uninjured left arm.

## COUNT I - NEGLIGENCE

### DELANI J. STEWART-WILSON, a minor, by her natural mother and legal guardian, D'ERICKA STEWART V. UNITED STATES OF AMERICA

46. Plaintiff incorporates by reference herein paragraphs 1 through 45 of the Complaint and further avers as follows:

47. At all times relevant hereto, John Gallagher, M.D. was acting within the scope of his employment and/or agency with the United State of America.

48. At all times relevant hereto, D'Ericka Stewart and Delani J. Stewart-Wilson relied upon Dr. John Gallagher to render full, complete, careful, and proper care and treatment during labor and delivery.

49. Delani J. Stewart-Wilson, as a direct and proximate result of the care and treatment rendered by Defendant, Dr. John Gallagher, M.D., suffered severe and permanent injury and/or a significantly increased risk of harm as is described more fully below.

50. The acts and/or omissions of Defendant, Dr. John Gallagher, M.D., described herein and resulting injury of Delani J. Stewart-Wilson, were caused by and were the direct result of Defendant, Gallagher's failure to exercise reasonable treatment and care and the degree of care owed the Plaintiff under the circumstances in any or all of the following respects:

   a. In causing a brachial plexus injury while delivering Delani J. Stewart-Wilson as set forth in the Complaint;

   b. In failing to consider cesarean delivery and/or failing to deliver Delani J. Stewart-Wilson by caesarian section;

   c. In failing to properly and accurately identify fetal macrosomia and the risk associated therewith;

   d. In failing to evaluate the adequacy of the maternal pelvis and/or estimate fetal weight, either prenatally or during labor;

   e. In applying excessive and/or inappropriate lateral traction to the fetal head at the time of delivery resulting in nerve rupture/avulsion and permanent brachial plexus injury;

   f. In failing to administer an epidural and/or Stadol to relieve D'Ericka Stewart of the pain associated with child birth;

   g. In failing to recognize risk factors for obstetric brachial plexus injury and other contraindications to vaginal delivery, including but not limited to, cephalopelvic disproportion and fetal macrosomia; and

   h. In failing to utilize and document maneuvers for the alleviation of shoulder dystocia including but not limited to, maternal hip hyperflexion (McRoberts maneuver), suprapubic pressure, rotational maneuvers (Woods maneuver and Rubin maneuver), delivery of the posterior arm (Barnum maneuver), "all fours" (Gaskin maneuver), Cephalic replacement (Zavanelli and modified Zavanelli maneuver), Symphysiotomy and/or abdominal rescues through hysterotomy.

51. As a result of the conduct set forth above, Plaintiff, Delani J. Stewart-Wilson, has sustained the following damages:

   a. past, present and future pain, suffering, inconvenience, embarrassment, emotional distress, and mental anguish;

   b. permanent neurological injury and loss of function of her right upper extremity;

   c. further and additional injuries to the affected nerves, muscles, ligaments, tissues and vessels;

   d. increased risk for the development of degenerative conditions;

   e. past, present, and future medical expenses as a result of injuries caused by the Defendant;

   f. past, present and future earnings loss and loss of earning capacity;

   g. impairment of her general health, strength and vitality;

   h. scarring and disfigurement; and

   i. loss of the ordinary pleasures and enjoyment of life.

52. This Defendant's actions substantially, directly, and proximately caused the harm alleged herein.

Wherefore, Plaintiff, D'ERICKA STEWART, as the Legal Guardian of her minor daughter, DELANI J. STEWART-WILSON, a minor demands judgment against the Defendant in an amount in excess of the Board of Arbitrators of this Court.

Respectfully submitted,

PRIBANIC & PRIBANIC, L.L.C.

By: _____
Victor H. Pribanic, Esquire
Pa. I.D. No.: 30785
Philip C. Chapman, Esquire
Pa. I.D. No.: 319448
PRIBANIC & PRIBANIC, L.L.C.
1735 Lincoln Way
White Oak, PA 15131
Phone: (412) 672-5444
Fax:    (412) 672-3715
*Attorneys for Plaintiff*

_____
Philip C. Chapman, Esquire
Pa. I.D. No.:  319448